```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


ADRIAN RODRIGUEZ,                  §
                                   §
            Plaintiff,             §
                                   §
v.                                 §
                                   §   CIVIL ACTION NO. H-08-1339
JOHN DOE, JOANNE CUPPERNELL        §
d/b/a CUPPERNELL AUTO TRANSPORT,   §
and JONATHAN YOUND d/b/a           §
CRESCENT CITY VEHICLE STORAGE,     §
                                   §
            Defendants.            §
```

**MEMORANDUM OPINION AND ORDER**

Pending before the court are Plaintiff, Adrian Rodriguez's, Motion to Remand and Memorandum of Law in Support (Docket Entry No. 4), and Intervenors, Andreina Lostale, Francisco Guido, and Bertha Ponce's, Individually and as Next Friend of D.V. (a minor), Motion to Remand and Memorandum of Law in Support (Docket Entry No. 5). Also pending is intervenors' motion for attorney's fees and costs, which they contained in their Motion to Remand (Docket Entry No. 5). For the reasons stated below, the court will grant plaintiff's and intervenors' motions to remand, but deny intervenors' motion for attorney's fees and costs.

**I.  Factual and Procedural Background**

Plaintiff was injured when his vehicle collided with a motor vehicle operated by defendant Ronald Cuppernell and owned by defendant Joanne Cuppernell and Cuppernell Auto Transport

("defendants").[1]  As passengers in plaintiff's car, intervenors were also injured in the accident.[2]  Plaintiff and intervenors are residents of Texas.[3]  Defendants are residents of Florida.[4]

Plaintiff filed suit against defendants in state court alleging that defendants were negligent in operating their vehicle.[5]  Defendants timely removed that action to federal court on the basis of diversity jurisdiction.  The action was later remanded to state court when it became apparent that the amount in controversy would not exceed the jurisdictional amount.[6]

After remand, intervenors filed their Original Plea in Intervention, raising claims of negligence against both plaintiff and defendants.[7]  Upon the filing of intervenors' plea, defendants again removed the action to federal court, again on the basis of

---

[1] Defendants' Notice of Removal, Docket Entry No. 1, Plaintiff's Original Petition ¶ IV.  The "John Doe" listed in both Plaintiff's Original Petition and intervenors' Original Plea in Intervention has been confirmed as Ronald Cupernell.  See, e.g., Intervenors' Motion to Remand and Memorandum of Law in Support, Docket Entry No. 5, p. 1.

[2] Defendants' Notice of Removal, Docket Entry No. 1, Original Plea in Intervention and Jury Demand ¶¶ V-XIII.

[3] Id., Plaintiff's Original Petition ¶ II; Original Plea in Intervention ¶ II.

[4] Defendants' Notice of Removal, Docket Entry No. 1, ¶ 7.

[5] Defendants' Notice of Removal, Docket Entry No. 1, Plaintiff's Original Petition ¶¶ IV-V.

[6] See Plaintiff's Motion to Remand, Docket Entry No. 4, pp. 2-3.

[7] Defendants' Notice of Removal, Docket Entry No. 1, Original Plea in Intervention ¶¶ VI-XIII.

diversity jurisdiction, arguing that with the addition of intervenors' claims the amount-in-controversy requirement was now met.[8]  Both plaintiff and intervenors moved to remand the case, arguing that this case is not removable on the basis of diversity jurisdiction.  Intervenors also moved for the award of attorney's fees and costs against defendants.

## II.  Motion to Remand

Defendants argue that removal in this case is proper on the basis of this court's diversity jurisdiction.  A nonresident defendant may remove an action from state to federal court if the federal court has subject matter jurisdiction over the action. 28 U.S.C. § 1441(a).  Diversity jurisdiction is one form of subject matter jurisdiction.  See 28 U.S.C. § 1332(a).

For diversity jurisdiction to exist there must be "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." Lincoln Prop. Co. v. Roche, 126 S. Ct. 606, 610 (2005).  Also, the amount in controversy must exceed the jurisdictional amount of $75,000.  See 28 U.S.C. § 1332(a).

The removing party bears the burden of proving that the court has jurisdiction.  De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). To determine whether removal jurisdiction exists, the court looks to plaintiff's state-court petition as it existed

---

[8]Defendants' Notice of Removal, Docket Entry No. 1, ¶¶ 7-8.

at the time of removal.  Manguno v. Prudential Prop. and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  All "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."  Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

Defendants argue that the court may exercise its diversity jurisdiction because the parties are completely diverse and the amount in controversy alleged in the intervenors' Original Plea in Intervention exceeds the jurisdictional amount.[9]  Even if the court assumes that the first premise of defendants' argument is correct, defendants have failed to persuade the court that it has removal jurisdiction over this action.

Under 28 U.S.C. § 1446(b) a defendant may not remove an unremovable case unless an amended pleading, motion, or "other paper" has subsequently rendered the case removable.  Addo v. Globe Life and Acc. Ins. Co., 230 F.3d 759, 761 (5th Cir. 2000) (construing 28 U.S.C. § 1446(b)).  The amended pleading, motion, or other paper mentioned in § 1446(b) need not be filed with a court; it must, however, "result from the voluntary act of a plaintiff [and] give[] the defendant notice of the changed circumstances which now support federal jurisdiction."  Id. at 761-62; see also id. (holding that although plaintiff's state court complaint pleaded less than the jurisdictional amount, a written settlement

---

[9]See, e.g., id.

offer in excess of the jurisdictional amount qualified as "other paper" for purposes of § 1446(b), and thus would have allowed defendant to remove the previously unremovable case); Weems v. Louis Dreyfus Corp., 380 F.2d 545, 548 (5th Cir. 1967) (holding that a state court's grant of a directed verdict, which removed a nondiverse defendant from the case, did not render the case removable because the state court's directed verdict was not the product of the plaintiff's voluntary act).  This rule is known as "the voluntary-involuntary rule."  Weems, 380 F.2d at 548.

Here, defendants do not argue that plaintiff has done anything that would increase the amount in controversy above the jurisdictional limit.  Instead, the changed circumstances that defendants argue now support federal jurisdiction is the filing of intervenors' Original Plea in Intervention in state court. According to defendants, by entering the case, the intervenors became plaintiffs for purposes of diversity jurisdiction; and, as plaintiffs, the amount alleged in the intervenors' Original Plea in Intervention may count toward fulfilling the previously unfulfilled amount-in-controversy requirement of plaintiff's petition. Defendants contend that it is apparent on the face of the intervenors' state court plea that the amount of damages intervenors seek will exceed the jurisdictional amount.  Cf. Manguno, 276 F.3d at 723 (holding that a party may establish that the amount in controversy exceeds the jurisdictional amount if it is apparent from the petition's face that the claims pleaded are

likely to exceed the jurisdictional amount). Therefore, defendants conclude, the court may exercise removal jurisdiction over this case.[10]

Defendants have not, however, cited any authority to support their novel theory.  Keen v. Burlington N. Santa Fe Corp., 438 F. Supp.2d 724 (S.D. Tex. 2006), the authority on which defendants primarily rely, does not stand for the proposition that an intervenor's filing in state court qualifies as a filing that would make a previously unremovable case removable.  In Keen there was no dispute that the case between the plaintiff and the defendants was removable in the first instance on the basis of diversity jurisdiction.  See id. at 726.  The propriety of removal became an issue only after two intervenors, who were residents of the plaintiff's state, intervened in the state suit and filed claims against both the plaintiff and the defendants.  Id. at 726-27.  The issue thus became whether, in filing their claims, the intervenors had destroyed complete diversity between the plaintiff and defendants by making the plaintiff a defendant as to the intervenors' cross-claim.  See id. at 727.  The court held that complete diversity was not destroyed because, for purposes of diversity jurisdiction, the intervenors were plaintiffs in interest.  Id. at 727-28.  Therefore, when placed in their proper

---

[10]Defendant Joanne Cuppernell d/b/a Cuppernell Auto Transport's and Ronald Cuppernell's Response in Opposition to Plaintiff's Motion to Remand, Docket Entry No. 6, pp. 3-5.

alignment the plaintiff and the intervenors were completely diverse from the defendants, making removal proper. Id.  Keen simply does not address whether an intervenor's filing in a previously unremovable case can make the case removable.

This action, unlike Keen, was not properly removable in the first instance because the amount in controversy alleged in Plaintiff's Original Petition did not exceed the jurisdictional amount.[11]  Defendants have not shown that the filing of intervenors' plea satisfies the requirements of either § 1446(b) or the voluntary-involuntary rule; that is, defendants have not shown that the intervenors' filing was the product of plaintiff's voluntary act.  Moreover, defendants have not explained or cited any authority establishing the circumstances, if any, under which a court could construe an intervenor's filing as a plaintiff's voluntary act.

Although defendants are correct in arguing that authorities such as Weems do not hold that an amended pleading, motion, or other paper filed by an intervenor cannot make a case removable as a matter of law, these authorities do raise doubts as to the propriety of removal in this case.  This is all that is required to defeat removal jurisdiction.  Acuna, 200 F.3d at 339.  Therefore, this action will be remanded.

---

[11]See Plaintiff's Motion to Remand, Docket Entry No. 4, pp. 2-3.

### III. Motion for Attorney's Fees and Costs

As part of their motion to remand, intervenors moved for attorney's fees and costs, arguing that defendants had no objectively reasonable grounds to support their second attempt at removal. The court, however, does not agree.

When considering whether to award attorney's fees against a defendant who has unsuccessfully attempted to remove a case to federal court the issue is "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 293 (5th Cir. 2000). In making this determination the court "evaluate[s] the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper." Id.

"[O]nce a case is remanded to state court, a defendant is precluded only from seeking a second removal on the same ground." S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 493 (5th Cir. 1996). "The prohibition against removal 'on the same ground' does not concern the theory on which federal jurisdiction exists (i.e., federal question or diversity jurisdiction), but rather the pleading or event that made the case removable." Id. Although unsuccessful, defendants made colorable arguments in support of removal, and did not seek removal on the same grounds as before. The pleading concerned in defendants' first attempt at removal was

-8-

plaintiff's state petition, while the pleading concerned in defendants' second attempt was intervenors' Original Plea in Intervention.

Moreover, neither plaintiffs nor intervenors have cited any authority holding that an intervenor's filing cannot, as a matter of law, make a previously unremovable case removable. Accordingly, the court cannot say that defendants' creative, though unsuccessful, attempt at removal was objectively unreasonable. Therefore, intervenors' motion for attorney's fees and costs will be denied.

## IV.  Conclusion and Order

Based on the foregoing analysis Plaintiff's Motion to Remand (Docket Entry No. 4) and Intervenors' Motion to Remand (Docket Entry No. 5) are **GRANTED**, and this action is **REMANDED** to the 133rd Judicial District Court of Harris County, Texas.  Intervenors' motion for attorney's fees and costs contained in their Motion to Remand (Docket Entry No. 5) is **DENIED**.

The Clerk of this court will promptly provide a copy of this Memorandum Opinion and Order to the District Clerk of Harris County.

**SIGNED** at Houston, Texas, on this 16th day of July, 2008.

```
                              _____
                                        SIM LAKE
                              UNITED STATES DISTRICT JUDGE
```